UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Jonathan Howard, | ) | CASE NO. 5: 20 CV 2769 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) ) | MEMORANDUM OF OPINION |
| Humility of Mary Housing, | ) ) | AND ORDER |
| Defendant. | ) ) | |

**Background**

*Pro se* plaintiff Jonathan Howard has filed a *in forma pauperis* complaint in this matter against Humility of Mary Housing. (Doc. No. 1.) The allegations and assertions set forth in his pleading are unclear, but his complaint pertains to his housing with the defendant. He complains about a 30-day notice to vacate he received and contends the defendant is "[d]enying [him] housing rights and the program that [he is] in." (Doc. No. 1 at 6.) In addition to violations of the Ohio Revised Code, he asserts a cause of action against the defendant for "deprivation of life" under the Fifth Amendment. (*See* Doc. No. 1-2 at 3.)

**Standard of Review and Discussion**

Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are required under 28

U.S.C. §1915(e)(2)(B) to screen all *in forma pauperis* complaints brought in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  In order to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs in determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Upon review, the Court finds that the plaintiff's complaint must be dismissed.  Even liberally construed, it does not contain allegations sufficient to state a plausible federal claim.

First, as an initial matter, the plaintiff has not alleged facts sufficient to suggest the defendant is a state actor amenable to suit for constitutional violations.  *See, e.g., Howell v. Father Maloney's Boys' Haven, Inc*., 976 F.3d 750 (6th Cir.  2020) (holding that a private facility which provided housing, education, treatment, and crisis stabilization of at-risk youth pursuant to a contract with the state was not a state actor and could not be subject to liability under 42 U.S.C. § 1983); *Patterson v. Oriana House, Inc*., No. 1:10 CV 2868, 2011 WL 1630124, at *2 (N. D. Ohio Apr. 29, 2011) (holding that a private non-profit corporation providing housing was not a

governmental entity for purposes of a Fifth Amendment claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)).

In addition, the plaintiff's allegations are insufficient to meet the pleading requirements of *Iqbal* and *Twombly*. The vague and unclear allegations and assertions set forth in the plaintiff's pleading are insufficient to suggest he has any plausible federal constitutional claim that the defendant deprived him of "life" without due process of law in connection with his housing in violation of the Fifth Amendment. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

## Conclusion

Accordingly, the plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                          s/John R. Adams 3-19-2021
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE

---

[1]This dismissal is without prejudice to any state law claim the plaintiff may properly assert in state court.